IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN DELACRUZ,

                Plaintiff,

   v.

QUALA CHAMPAGNE, CHAD ENGEBREGTSEN,
ANDREW KOHLHOFF, TOM POLLARD
and COREY SABISH,

                Defendants.

ORDER

17-cv-59-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN DELACRUZ,

                Plaintiff,

   v.

JIM McINNIS, CO II RUECHEL,
SARAH LONDRE, MS. BUTZKE,
RION WETZEL, SGT. WILTZIUS
and MORAINE PARK TECHNICAL COLLEGE,

                Defendants.

ORDER

17-cv-161-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner John Delacruz is proceeding on multiple claims in both of these cases. Plaintiff has filed a letter in both cases in which he alleges that "he is being denied medications and medical treatment in retaliation for the filing of my lawsuits." In particular, he says that staff in the health services unit at the Kettle Moraine Correctional

1

Institution "discontinued [his] over the counter medications" such as Excedrin and directed him to obtain the medications from the prison canteen instead. He asks the court to order prison staff to provide the medications to him free of charge. I construe plaintiff's letter as a motion for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure.

I am denying plaintiff's motion. As I informed plaintiff in the order screening the complaint in case no. 17-cv-59-bbc, if a party wishes to obtain preliminary injunctive relief, he must follow this court's procedures for doing so. The court sent plaintiff a copy of these procedures along with the screening order. They require the party to submit evidence supporting his motion, along with proposed findings of fact.

Plaintiff has not submitted any evidence that the problems with his medications have any relationship to either of his lawsuits. He does not allege that any of the defendants are responsible for the decision and he does not identify any reason that staff in the health services unit would wish to retaliate against him.

Also, it appears that plaintiff's motion may be moot. On April 3, 2017, the court received a notice that plaintiff has been transferred to the Drug Abuse Correctional Center. Because plaintiff is at a new facility, it is possible that any medical decision made at the Kettle Moraine prison (where plaintiff was housed previously) is subject to reconsideration.

In any event, because plaintiff has not demonstrated any connection between the medication decisions and these lawsuits, he cannot use the lawsuits as a vehicle for obtaining an injunction on that issue. Rather, if plaintiff believes that prison officials are violating his constitutional right to receive medical care, he will have to file a new lawsuit.

ORDER

IT IS ORDERED that plaintiff John Delacruz's motion for a preliminary injunction, dkt. #8 (in case no. 17-cv-59-bbc) and dkt. #11 (in case no. 17-cv-161-bbc), is DENIED.

Entered this 12th day of April, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge